IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:12cr200 |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| VICTORIA L. SPROUSE | ) |  |
|  | ) |  |

**THIS MATTER IS BEFORE THE COURT** upon the joint motion of the parties following the Order (Doc. 12) of the Honorable Max Cogburn, Jr. In accordance with that Order, and with the consent of the parties:

**IT IS ORDERED** that the defendant Victoria Sprouse shall be released according to the standard conditions of release, as reflected in the attached Order Setting Conditions of Release, as well as according to the following additional special conditions.

1. The defendant shall be limited to home confinement with active GPS without work release. The defendant may leave her home only for documented medical and legal appointments approved by pretrial services, and must be escorted by custodians Jorn Bleinmann or Sara Hawk, so long as such custodians have been preapproved by pretrial services.

2. The defendant's home shall have no telephone until pretrial services, if ever, has the ability to ensure that all phone calls from the house, except to counsel, are recorded. If that is accomplished, the home may have a telephone attached to one land-line. Otherwise, the one land-line shall be used exclusively to facilitate electronic monitoring.

3. There shall be no electronic communication device of any kind in the home, including computers, iPads, smart phones, cell phones, telephones, and tablets. A sign must be prominently posted on each entry to the home indicating that all computers, phones, and communication devices of any kind are prohibited by court order.

4. The defendant shall use no electronic communication device during any documented medical or legal appointments.

5. The defendant shall submit her person, residence, and vehicle to a search at any time conducted by pretrial services or any United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. Failure to submit to such a search will be grounds for bond revocation. The defendant shall warn other residents or occupants that such premises or vehicles may be subject to searches pursuant to this condition.

6. The defendant has provided proof of disconnection to pretrial services and the Government of all cell phones (both for telephone and internet services), residential internet access, any and all email accounts to which she has access, and all social media accounts, such as Facebook, Twitter, LinkedIn, etc., with one exception for which William Moormann of the Federal Defenders has changed the password, and will keep such password from the defendant. The defendant shall not reopen or create any such means of electronic or internet communication.

7. The defendant shall have no contact of any kind, direct or indirect (except through counsel), with the following persons:

    a. Rayford Adams, III

    b. David Badger

    c. Debra Hightower

    d. Jamie Stewart

    e. Wayne Sigmon

    f. Linda Simpson

    g. Marilyn Sprouse

      h.      Any person who has (a) rented property from Defendant; (b) stayed at either beach house; or (c) been involved in any way with the rental of any property from defendant.

      8.      The defendant shall provide copies of all financial transactions, including all expenses, income, gifts, and expenditures, including but not limited to documentation on how the defendant's living expenses are being paid, on a monthly basis, to pretrial services and the United States. The defendant shall provide within seven (7) days of this Order an updated financial affidavit to the probation office and the United States, to be provided by the United States.

Signed: June 28, 2012

David C. Keesler
United States Magistrate Judge